1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DUCHUN LAFRE GOODWIN,                    Case No.  1:23-cv-00260-ADA-HBK

12              Plaintiff,                    SCREENING ORDER GRANTING
                                             PLAINTIFF LEAVE TO FILE AMENDED
13        v.                                  COMPLAINT

14   ROYAL PROPERTIES, VICTORIA              May 26, 2023 DEADLINE
     BRAMBLE, and ANGELA HILL,
15
               Defendants.
16

17

18        Plaintiff, Duchun Lafre Goodwin ("Goodwin"), who is proceeding pro se and *in forma*

19   *pauperis*, initiated this action on February 21, 2023 by filing a form "Complaint for a Civil Case."

20   (Doc. No. 1, "Complaint").   Plaintiff's Complaint is before the Court for screening pursuant to

21   28 U.S.C. § 1915(e)(2)(B).

22        **I.        Screening Requirement**

23        Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any

24   time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim

25   on which relief can be granted, or seeks monetary relief against a defendant who is immune from

26   such relief.  28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129

27   (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A

28   complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can

1    prove no set of facts in support of his or her claim that would entitle him to relief.  *Johnson v.*

2    *Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must

3    include a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.

4    R. Civ. P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same

5    standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152

6    F. 3d 1193, 1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to

7    state a claim to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8    "A complaint is plausible on its face when it contains sufficient facts to support a reasonable

9    inference that the defendant is liable for the misconduct alleged."  *Id.*  At this stage, the court

10   accepts the facts stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738,

11   740 (1976).  The Court does not accept as true allegations that are merely conclusory,

12   unreasonable inferences, or unwarranted deductions.  *Western Mining Council v. Watt*, 643 F.2d

13   618, 624 (9th Cir. 1981).  Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678.

14          Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the

15   light most favorable to the Plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*

16   *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation

17   of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

18   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*

19   *Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to

20   advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role

21   as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d

22   at 1131 n.13.

23          **II.      Summary of Complaint**

24          The Complaint names the following Defendants: (1) Royal Properties, Property

25   Management Firm; (2) Victoria Bramble, Supervisor Agent; and (3) Angela Hill, Real Estate

26   Agent.  (*Id.* at 2-3). [1]   Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks

27

28   _____

     [1] The Court refers to the CMECF page numbers of the Complaint.  In this case, the CMECF page numbers
     correspond to the same page numbers on the Complaint.

1   neither of the boxes which enable a plaintiff to choose either "federal question" or "diversity"

2   jurisdiction.  (*Id*. at 3).  When requested to list the "Basis for Jurisdiction" if a jurisdiction is

3   predicated upon a "Federal Question," Plaintiff states: "Sections 102 and 103 of the Civil Rights

4   Act of 1991." (*Id*. at 4).  When requested to list the "Basis for Jurisdiction" if jurisdiction is

5   predicated upon "Diversity," Plaintiff indicates he is a citizen of the State of California and

6   identifies both Defendants Victoria Bramble and Angela Hill as citizens of California but does

7   not list the citizenship of Defendant Royal Properties. (*Id*. at 4-5).  Plaintiff states the amount in

8   controversy is $11,770.00.  Under the "Statement of Claim" section, Plaintiff writes only

9   "Intentional Discrimination."  (*Id*. at 5).  Plaintiff leaves blank the section asking what relief he is

10   seeking.  (*Id*. at 6).

11   **III.    Analysis**

12   As an initial matter, "[c]ourts have an independent obligation to determine whether

13   subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559

14   U.S. 77, 94 (2010).  A federal court is presumed to lack subject matter jurisdiction, and a plaintiff

15   bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v.*

16   *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  If a federal court lacks subject matter

17   jurisdiction, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

18   Liberally construed, Plaintiff appears to assert that his claim is based both on a federal

19   question and diversity of citizenship.  Although Plaintiff does not identify a specific federal

20   question upon which this case is based, he lists "Sections 102 and 103 of the Civil Rights Act of

21   1991."  The Civil Rights Act of 1991 provides for protection against discrimination and

22   harassment in the workplace.  *See* Civil Rights Act of 1991, Pub.L. No. 102–166; § 102, 105 Stat.

23   1071 (U.S.C.S., Adv. Legis. Serv., Lawyers, Coop. Pub. Co.).  Section 102 of the Civil Rights

24   Act of 1991 allows a plaintiff bringing a charge of intentional discrimination, made unlawful

25   under the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e–2, or 2000e–3), to recover compensatory

26   and punitive damages.  *Id*.  Section 103, which amended 41 U.S.C. § 1988, allows for recovery of

27   attorney fees in certain intentional discrimination cases.  *Id*.

28   *////*

3

Nonetheless, the Complaint contains no facts pertaining to any named Defendant.  Nor does the Complaint describe any action by any Defendant that amounts to a violation of Plaintiff's federal rights under the Civil Rights Act of 1991.  Other than identifying the Defendants under the list of Defendants, no individual Defendant is named anywhere in the Complaint.  Further, the Complaint contains only a single, conclusory statement alleging "intentional discrimination."  As currently pled, the Complaint does not contain any facts to permit the Court to draw the reasonable inference that any named Defendant is liable for any misconduct to sustain a federal violation under the Civil Rights Act of 1991.  *Iqbal*, 556 U.S. at 678.  For these reasons, Plaintiff's Complaint does not comply with the requirements of Rule 8(a)(2).

Additionally, it appears that Plaintiff predicates this action on diversity, i.e., where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  However, diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Plaintiff acknowledges in his Complaint that both he and Defendants Bramble and Hill are citizens of California.[2]  (Doc. No. 1 at 4-5).  Further, Plaintiff indicates the amount in controversy is $11,770.00, which is less than the $75,000.00 threshold.  Thus, on the Complaint's face, the Court lacks diversity jurisdiction.

////

////

////

////

---

[2] Plaintiff does not list the citizenship of Royal Properties.  It is well settled that a corporation is a citizen of "(1) the state where its principal place of business is located, *and* (2) the state in which it is incorporated." (Citing 28 U.S.C. § 1332(c)(1)).  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

1

**IV.   Conclusion and Options**

2

To continue the prosecution of this action, Plaintiff must take one of the following three

3

options on or before May 22, 2023.  **First Option**:  Because the Court cannot determine that the

4

filing of an amended complaint cannot cure the deficiencies identified above, the Court will

5

afford Plaintiff an opportunity to file an amended complaint if he chooses.  Fed. R. Civ. P.

6

15(a)(2); Lopez *v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  An amended complaint

7

supersedes (replaces) the original complaint and, thus, the amended complaint must be free-

8

standing and complete.  *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en*

9

*banc*); E.D. Cal. Local Rule 220.  Each claim and the involvement of each defendant must be

10

sufficiently alleged.  The amended complaint should be titled "First Amended Complaint,"

11

include the above case number, and be signed and dated under penalty of perjury.  Plaintiff may

12

not change the nature of this suit or adding unrelated claims in his amended complaint.  *George v.*

13

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  **Second Option**:  Plaintiff

14

may file a Notice stating he intends to stand on his current complaint subject to the undersigned

15

recommending the district court dismiss for the reasons stated in this Order.  **Third Option**:

16

Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal

17

without prejudice under Federal Rule of Civil Procedure 41(a)(1).  Alternatively, if Plaintiff fails

18

to timely respond to this Court Order, *i.e*., fails to perform any of the three options, the

19

undersigned will instead recommend that the district court dismiss this case as a sanction for

20

Plaintiff's failure to comply with a court order and for failing to prosecute this action.

21

Accordingly, it is **ORDERED**:

22

1.   **On or before May 26, 2023**, Plaintiff shall take one of the following actions: (a)

23

file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as

24

screened subject to the undersigned recommending the district court dismiss certain claims and

25

Defendants for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action

26

without prejudice under Fed. R. Civ. P. 41.

27

2.   If Plaintiff fails to timely comply with this Court Order or seek an extension of

28

time to comply, the Court will recommend the district court dismiss this action for Plaintiff's

1  failure to comply with this Court Order and prosecute this action.

2          3.      The Clerk of Court shall include a blank non-prisoner civil rights complaint form

3  for Plaintiff's use as appropriate.

4

5

Dated:    April 25, 2023

6                                                    HELENA M. BARCH-KUCHTA
                                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28